People v Himonitis (2019 NY Slip Op 05688)





People v Himonitis


2019 NY Slip Op 05688


Decided on July 17, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 17, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
SHERI S. ROMAN
FRANCESCA E. CONNOLLY, JJ.


2017-01545
 (Ind. No. 5007/15)

[*1]The People of the State of New York, respondent,
v
Antonio Himonitis, appellant.


Steven A. Feldman, Uniondale, NY, for appellant.
Letitia James, Attorney General, New York, NY (Matthew B. Keller and Michelle Maerov of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (John B. Collins, J.), rendered April 28, 2016, convicting him of criminal sale of a firearm in the first degree, conspiracy in the fourth degree, and criminal possession of a weapon in the second degree (three counts), upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
"A defendant's valid waiver of the right to appeal includes waiver of the right to invoke the Appellate Division's interest-of-justice jurisdiction to reduce the sentence" (People v Lopez, 6 NY3d 248, 255; see People v Batista, 167 AD3d 69). Contrary to the People's contention, the defendant's purported waiver of his right to appeal was invalid (see People v Bradshaw, 18 NY3d 257, 264; People v Keene, 160 AD3d 897; People v Weber, 153 AD3d 946). The County Court's colloquy at the plea allocution failed to sufficiently advise the defendant of the nature of the right to appeal and the consequences of waiving it (see People v Farrell, 169 AD3d 919, 919). Further, although the defendant signed a written waiver form, the court did not ascertain on the record whether the defendant read the written waiver or was aware of its contents (see People v Bratton, 165 AD3d 693, 693; People v Brown, 122 AD3d 133, 145). Since the defendant's purported waiver of his right to appeal was invalid, this Court is not precluded from reviewing the defendant's excessive sentence claim.
However, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
Although the County Court lacked discretion at sentencing to defer the mandatory surcharge (see People v Jones, 26 NY3d 730, 732-733), the court's error in this regard, which was in the defendant's favor, does not entitle him to the relief he seeks (see People v Tietje, 171 AD3d 1221, 1222; People v Rodriguez, 162 AD3d 513, 514).
BALKIN, J.P., LEVENTHAL, ROMAN and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court